■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 15, 1985, convicting him of attempted murder in the first degree (four counts), attempted murder in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt

and that the verdict was not against the weight of the evi-. dence (CPL 470.15 [5]).

The defendant's contention that attempted murder in the first degree is a nonexistent crime and that his convictions of that offense must be reduced to attempted murder in the second degree is without merit (see, *People v Silva,* 69 NY2d 858, 859-860).

We find that the trial court properly denied the defendant's request to instruct the jury that attempted assault in the second degree (Penal Law § 120.05 [2]) is a lesser included offense of attempted murder in the first degree and attempted murder in the second degree. Penal Law § 120.05 (2) reads,

"A person is guilty of assault in the second degree when
* * *

"2. [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument".
The element of "a deadly weapon or a dangerous instrument" is not an element of attempted murder in the first degree or attempted murder in the second degree and, therefore, it is possible to commit the greater crimes without concomitantly, by the same conduct, committing this lesser offense (see, *People v Glover,* 57 NY2d 61, 63).

The defendant has failed to properly preserve for appellate review his claims of prosecutorial misconduct by failing to raise an objection or request further curative instructions during trial (see, *People v Medina,* 53 NY2d 951; *People v Jalah,* 107 AD2d 762). In any event, the prosecutor's comments did not deny the defendant a fair trial in light of the overwhelming evidence of his guilt (see, *People v Wood,* 66 NY2d 374).

The defendant's claim that his sentence is excessive is without merit (see, *People v Suitte,* 90 AD2d 80, 85).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.