■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIAH AUTRY, Appellant. [737 NYS2d 735] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered July 8, 1998, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2], [4]), and one count each of criminal possession of a weapon in the second degree (Penal Law former § 265.03) and reckless endangerment in the first degree (Penal Law § 120.25). We reject the contention of defendant that County Court erred in denying his request to charge attempted assault in the second degree as a lesser included offense of attempted murder in the second degree. Although attempted assault in the second degree under Penal Law § 120.05 (1) is a lesser included offense of attempted murder in the second degree under Penal Law § 125.25 (1) (*see, People v Cabassa*, 79 NY2d 722, 729, *cert denied* 506 US 1011), there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (*see, People v Bruner*, 222 AD2d 738, 740, *lv denied* 88 NY2d 981; *see generally, People v Glover*, 57 NY2d 61, 63).

Defendant's contention that the verdict finding him guilty of attempted murder in the second degree and reckless endangerment in the first degree is repugnant is not preserved for our review (*see, People v Alfaro*, 66 NY2d 985, 987; *People v Hooper*, 288 AD2d 948). The court properly denied defendant's motions

to set aside the verdict based on newly discovered evidence (*see,* CPL 330.30 [3]). With respect to the first motion, "[d]efendant did not establish that the evidence could not have been discovered before trial by the exercise of due diligence" (*People v Carrier,* 270 AD2d 800, 802, *lv denied* 95 NY2d 864). With respect to the second motion, defendant failed to establish that the evidence "would probably change the result if a new trial were granted" (*People v Wallace,* 218 AD2d 718, 718, *lv denied* 87 NY2d 852).

Defendant did not preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see, People v Scroger,* 288 AD2d 931; *People v Gagliardo,* 283 AD2d 964, *lv denied* 96 NY2d 901). In any event, the instances of alleged misconduct were not so egregious as to deprive defendant of a fair trial (*see, People v Tobias,* 273 AD2d 925, 926, *lv denied* 95 NY2d 908). The further contention of defendant that he received ineffective assistance of counsel is without merit. "[The] most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi,* 54 NY2d 137, 146). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi, supra* at 147). Finally, the sentence is neither unduly harsh nor severe. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.