■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY FRANKLIN, Appellant. [776 NYS2d 596]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered November 24, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

During voir dire, prospective juror number one replied "yes" when asked by the defendant's counsel if he believed that the presumption of innocence as applied to the defendant was "a

little bit lower" and not "as strong as it should be." Prospective juror number six similarly replied, "I guess not" when asked if he could accord the defendant the full benefit of the presumption. Upon further questioning, prospective juror number one subsequently declared that he would not vote to convict unless the prosecution established all of the elements of the crime beyond a reasonable doubt. Finally, prospective juror number six, a Captain with the New York City Police Department, also acknowledged that he had a tendency to lend credibility to police officers. The County Court sustained the defendant's challenge for cause to prospective juror number six but rejected his challenge to prospective juror number one.

Contrary to the defendant's contention and our dissenting colleagues' conclusion, reviewing the transcript of the voir dire proceeding as a whole and giving due deference to the determination of the County Court (*see People v Pemberton,* 305 AD2d 430 [2003]), the record does not support a finding that prospective juror number one possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]) or that there was a "substantial risk" that he would be unable to remain impartial (*People v Williams,* 63 NY2d 882, 885 [1984]; *People v Harris,* 247 AD2d 630, 631 [1998]).

Prospective juror number one, unlike prospective juror number six, upon further questioning, unequivocally reaffirmed his ability to be fair and impartial by asserting that he would not vote to convict unless the prosecution established all of the elements of the crime beyond a reasonable doubt (*see People v Arnold,* 96 NY2d 358, 362-363 [2001]; *cf. People v Bludson,* 97 NY2d 644 [2001]). Moreover, the bias of prospective juror number six in favor of the police constituted an independent predicate for his disqualification (*see People v Johnson,* 94 NY2d 600, 604-606 [2000]). Thus, the County Court providently exercised its discretion in rejecting the defendant's challenge for cause to prospective juror number one.

There is no evidence in the record to substantiate the defendant's claims that the jury was improperly influenced. Consequently, we reject the defendant's contention that the County Court erred in failing to conduct any inquiry to determine whether sworn jurors were unqualified to continue to serve. "The Trial Judge generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35" (*People v Rodriguez,* 71 NY2d 214, 219 [1988]).

The County Court charged the jury on the crime of murder in

the second degree (*see* Penal Law § 125.25 [1]). The defendant contends that the County Court erred in refusing to charge criminally negligent homicide, manslaughter in the second degree, and assault in the first degree as lesser-included offenses. The County Court properly refused to so charge. Under the facts of this case, where the defendant repeatedly stabbed the victim and struck him over the head with a metal pipe, there was no reasonable view of the evidence which would support a finding that the defendant's conduct was motivated by anything other than an intent to cause the death of the victim (*see* CPL 300.50; *People v Collins,* 290 AD2d 457, 458 [2002]; *People v Weems,* 105 AD2d 763 [1984]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Smith and Adams, JJ., concur.

Crane, J., dissents and votes to reverse the judgment, on the law, and to order a new trial, with the following memorandum, in which Cozier, J., concurs. A complete reading of the voir dire minutes reveals that the County Court committed fundamental error in its rejection, in the final round of jury selection, of the defendant's challenge for cause to prospective juror number one. This error was highlighted by the County Court's action in sustaining a challenge for cause to prospective juror number six based on the identical ground, that the juror could not accord the defendant the presumption of innocence in full. Indeed, it was prospective juror number one who took the lead in answering the question posed by the defense counsel concerning the presumption of innocence, and prospective juror number six simply followed suit.

Contrary to the People's contention, it is no answer that prospective juror number one previously stated that he could be objective in avoiding sympathy for the defendant during deliberations. It was the obligation of the trial judge, when confronted with this challenge for cause to prospective juror number one on the ground of his inability to accord the defendant the full presumption of innocence, either to sustain the challenge as he did as to prospective juror number six on this very ground or to obtain from the prospective juror an unequivocal expression that he could be fair and impartial and could follow the Supreme Court's instructions regarding the presumption of innocence (*see People v Arnold,* 96 NY2d 358, 362 [2001]; *People v Johnson,* 94 NY2d 600, 614 [2000]).

One additional error persuades me that the defendant is

entitled to a new trial. While I part company with the defendant in his requests to charge down to criminally negligent homicide (*see* Penal Law § 125.10) and manslaughter in the second degree (*see* Penal Law § 125.15 [1]) because no reasonable view of the evidence supports a theory that the victim's assailant acted recklessly or negligently, the evidence reasonably supports the theory that the defendant intended only to cause serious physical injury rather than death thus justifying a charge down to assault in the first degree (*see* Penal Law § 120.10 [1]). Therefore, the County Court should have granted the defendant's request to charge assault in the first degree as a lesser-included offense (*see* CPL 300.50; *People v Green*, 56 NY2d 427, 430 [1982]).

Based on these errors I would grant the defendant a new trial.