■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE SMITH, Appellant. [786 NYS2d 879]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 27, 2002. The judg-

ment convicted defendant, after a nonjury trial, of attempted assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a nonjury trial of attempted assault in the second degree (Penal Law §§ 110.00, 120.05) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Although defendant contends that Supreme Court erred in failing to conduct a hearing on that part of her pretrial motion to suppress a weapon recovered from a garbage can, the record establishes that defendant did not seek suppression of the weapon in her motion papers and instead sought suppression of only a red T-shirt. Defendant therefore failed to preserve her present contention for our review (*see* CPL 470.05 [2]). Even assuming, arguendo, that defendant sought suppression of the weapon, we would nevertheless conclude that she abandoned her contention that the court erred in failing to conduct a hearing with respect to the weapon inasmuch as she did not obtain a ruling on her suppression motion, nor did she object when the weapon was admitted in evidence at trial (*see People v Smikle*, 1 AD3d 883, 884 [2003], *lv denied* 1 NY3d 634 [2004]; *People v Boccaccio*, 288 AD2d 898 [2001]; *see also People v DiLenola*, 245 AD2d 1132, 1133 [1997]; *see generally People v Rodriguez*, 50 NY2d 553 [1980]). "In any event, in light of the inadequacy of defendant's moving papers, the failure to hold a hearing was not error" (*People v O'Connor*, 242 AD2d 908, 910 [1997], *lv denied* 91 NY2d 895 [1998]; *see* CPL 710.60 [3]).

Defendant further contends that the court erred in finding her guilty of attempted assault in the second degree because it is not a lesser included offense of attempted murder in the second degree under Penal Law § 125.25 (1), with which she was charged. Although attempted assault in the second degree under subdivision (1) of Penal Law § 120.05 is a lesser included offense of attempted murder in the second degree under Penal Law § 125.25 (1) (*see People v Cabassa*, 79 NY2d 722, 729 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]; *People v Autry*, 291 AD2d 896 [2002], *lv denied* 98 NY2d 672 [2002]), defendant is correct that attempted assault in the second degree under subdivision (2) of Penal Law § 120.05 is not (*see People v Martinez*, 134 AD2d 458, 459 [1987], *lv denied* 70 NY2d 957 [1988]). Here, the court failed to specify the subdivision of Penal Law § 120.05 on which it relied in finding defendant guilty of attempted assault in the second degree as a

lesser included offense of attempted murder in the second degree. "Any error by the trial court in considering . . . a lesser crime arising out of the same criminal transaction as an indicted crime, that is not in fact a lesser included offense, is waived [where, as here, defendant fails to make a] timely objection" (*People v Ford*, 62 NY2d 275, 279 [1984]). Indeed, the record establishes that, in affirmatively requesting that the court consider attempted assault in the second degree as a lesser included offense, defendant failed to specify the subdivision that she wished the court to consider (*see generally People v Terry*, 180 AD2d 700 [1992]; *People v Corley*, 162 AD2d 1020 [1990], *lv denied* 76 NY2d 892 [1990]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.