■ The People of the State of New York, Respondent, v Ganesh Punwa, Appellant. [806 NYS2d 678]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 20, 2003, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim, made for the first time on appeal, as to the sufficiency of the trial court's inquiry into the possible hardship that an unanticipated delay in jury deliberations would

have on two jurors who were students is unpreserved for appellate review (*see People v Riccardi,* 199 AD2d 432 [1993]). Although the defense counsel recognized that a possible hardship might exist, he did not object to the court's ultimate resolution of the situation.

In any event, the defendant's contention is without merit. A determination whether a juror is unavailable or grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court (*see People v McDonald,* 143 AD2d 1050 [1988]). Here, the court conducted a sufficient inquiry and gave all of the jurors the opportunity to inform the court whether the unanticipated delay would, in fact, create a hardship. The court accommodated the scheduling conflict and no jurors were dismissed.

The defendant's remaining contention is unpreserved for appellate review, and in any event, is without merit. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.