■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CARTER, Appellant. [833 NYS2d 323]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered January 10, 1996. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), attempted robbery in the first degree (two counts), attempted assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of burglary in the first degree (Penal Law § 140.30 [4]), two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [2], [4]), and one count each of attempted assault in the first degree (§§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, Supreme Court properly denied his request to charge attempted assault in the second degree as a lesser included offense of attempted murder in the first degree. Attempted assault in the second degree pursuant to sections 110.00 and 120.05 (2) has the element of "a deadly weapon or a dangerous instrument," which is not an element of attempted murder in the first degree pursuant to sections 110.00 and 125.27 (1) (a) (see People v Smith, 13 AD3d 1121, 1122 [2004], lv denied 4 NY3d 803 [2005]; People v Martinez, 134 AD2d 458, 459 [1987], lv denied 70 NY2d 957 [1988]). It is thus possible to commit attempted murder in the first degree without concomitantly, by the same conduct, committing attempted assault in the second degree (see generally People v Glover, 57 NY2d 61, 63 [1982]). While we agree with defendant that attempted assault in the first degree pursuant to Penal Law §§ 110.00 and 120.10 (1) also is not a lesser included offense of attempted murder in the first degree under sections 110.00 and 125.27 (1) (a), defendant correctly concedes that, by affirmatively requesting the charge on that lesser included offense, he waived any right to complain of the error (see People v Ford, 62 NY2d 275, 283 [1984]; Smith, 13 AD3d at 1123).

We reject the further contention of defendant that he was denied a fair trial by the People's failure to turn over a copy of the complete NYSIS report with respect to a prosecution witness. The People complied with CPL 240.45 (1) (c) by informing defendant of the only pending criminal action against that witness of which they were aware (see People v Graham, 289 AD2d 417, 418 [2001], lv denied 97 NY2d 754 [2002]). The verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.