THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON JONES, Appellant. [879 NYS2d 477]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered July 16, 2007, convicting him of robbery in the first degree (two counts), assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Similarly unavailing is the defendant's contention that the trial court denied him a fair trial by improperly limiting his cross-examination of witnesses when it ordered defense counsel to conduct a cohesive cross-examination and prevented the defense counsel from asking certain open-ended questions. The trial court's intervention "appropriately clarified the issues, precluded unnecessarily repetitive examination, and 'ensure[d] the orderly and expeditious progress of the trial' " (*People v Marino,* 21 AD3d 430, 432 [2005], *cert denied* 548 US 908 [2006], quoting *People v Prado,* 1 AD3d 533, 535 [2003], *affd* 4

NY3d 725 [2004]). In any event, even if some of the court's actions could be considered inappropriate, any error was harmless, as there was overwhelming evidence of the defendant's guilt and there is no significant probability that any such error contributed to the defendant's conviction (*see People v Crimmins,* 36 NY2d 230, 242 [1975]).

The defendant's contention that the trial court failed to make a reasonably thorough inquiry as to the absence of a juror before replacing that juror with an alternate is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Torres,* 80 NY2d 944, 945 [1992]; *People v Punwa,* 24 AD3d 471 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.