■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. HYMES, Appellant. [895 NYS2d 273]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 1, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and reckless endangerment in the first degree (§ 120.25). Defendant made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19 [1995]), and he failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). He therefore failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree. In any event, that contention is without merit. The victim testified that, when defendant approached him from across the street while the victim was standing near his car, defendant displayed

a silver gun with a brown handle and then fired the gun at him. A gun matching that description was subsequently recovered near the scene of the shooting. Although one of the codefendants testified for defendant that the gun in question was owned by the codefendant, the jury was entitled to reject that testimony and could have reasonably inferred that defendant either discarded the gun when he fled the scene or gave it to the codefendant, who in turn discarded it (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's further contention that the evidence is legally insufficient to establish that the weapon was operable is also without merit (*see generally id.*).

We reject the contention of defendant that County Court erred in dismissing a juror over his objection. The record establishes that the juror admitted to the court that she had been sleeping during the testimony of the victim and that she had missed "a lot" of the testimony. It is well established that "[a] juror who has not heard all the evidence is grossly unqualified to render a verdict" (*People v Williams*, 202 AD2d 1004, 1004 [1994] [internal quotation marks omitted]). Defendant further contends that the court erred in denying his motion for a mistrial following an incident in which a Sheriff's Deputy dressed in civilian attire placed his hand on defendant and pulled defendant toward him while jurors were exiting the courtroom and passing between defendant, who was standing next to defense counsel, and the Sheriff's Deputy. We reject that contention inasmuch as the proximity of the jurors to defendant "warranted caution and [thus the actions of the Sheriff's deputy constituted] an appropriate security measure for the courtroom" (*People v Vargas*, 88 NY2d 363, 377 [1996]; *see generally People v Riley*, 292 AD2d 822, 823-824 [2002], *lv denied* 98 NY2d 640 [2002]).

Defendant contends that he was denied a fair trial as a result of prosecutorial misconduct on summation. Defendant preserved that contention for our review with respect to only two of the prosecutor's remarks (*see* CPL 470.05 [2]). We nevertheless conclude that all of the allegedly improper remarks constituted fair comment on the evidence or a fair response to defense counsel's summation (*see generally People v Halm*, 81 NY2d 819, 821 [1993]), and that they "did not exceed the broad bounds of rhetorical comment permissible [on summation]" (*People v Galloway*, 54 NY2d 396, 399 [1981]).

Finally, we conclude that the court properly refused to charge attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1], [2]) as a lesser included offense of attempted murder in the second degree. The record is unclear whether the court

considered the request with respect to attempted assault in the second degree pursuant to subdivision (1) or (2) of section 120.05. Attempted assault in the second degree pursuant to section 110.00 and subdivision (2) of section 120.05 is not a lesser included offense of attempted murder in the second degree pursuant to sections 110.00 and 125.25 (1) inasmuch as subdivision (2) of section 120.05 requires an injury caused "by means of a deadly weapon or a dangerous instrument," which is not an element of attempted murder in the second degree. "It is thus possible to commit attempted murder in the [second] degree without concomitantly, by the same conduct, committing attempted assault in the second degree" pursuant to sections 110.00 and 120.05 (2) (*People v Carter*, 38 AD3d 1291, 1292 [2007]; *see People v Smith*, 13 AD3d 1121, 1122 [2004], *lv denied* 4 NY3d 803 [2005]). Although attempted assault in the second degree pursuant to section 110.00 and subdivision (1) of section 120.05 is a lesser included offense of attempted murder in the second degree pursuant to sections 110.00 and 125.25 (1) (*see Smith*, 13 AD3d at 1122), we conclude that the court properly determined that there was no "reasonable view of the evidence . . . that would support a finding that [defendant] committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63 [1982]). Indeed, the evidence established that the police recovered shell casings and spent bullets demonstrating that at least 26 shots were fired at the victim and his vehicle, in which his 10-year-old nephew was seated. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.