■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON CANCEL, Appellant. [897 NYS2d 444]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 12, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he and another person formed and shared a common intent to murder the victim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Mathis*, 60 AD3d 697, 698 [2009]; *People v Perez*, 265 AD2d 347, 348 [1999]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. The defendant, with the requisite mental state, acted in concert with, and intentionally aided, a second shooter (*see* Penal Law § 20.00; *People v Cheng*, 232 AD2d 651 [1996]; *People v Johnson*, 162 AD2d 620 [1990]).

Contrary to the defendant's contentions, the Supreme Court properly declined to dismiss a juror and declare a mistrial on the ground that the juror was grossly unqualified. To find a juror grossly unqualified, the court must be convinced that the juror would be prevented from rendering an impartial verdict (*see People v Buford*, 69 NY2d 290, 298 [1987]). Such determination is to be afforded great deference (*see People v Punwa*, 24 AD3d 471, 472 [2005]; *People v Franklin*, 7 AD3d 966, 967 [2004]), and we perceive no basis to disturb the determination on appeal.

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.