# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**121**

**KA 10-01370**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                   MEMORANDUM AND ORDER

ADAM J. HAMILTON, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

ADAM J. HAMILTON, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 24, 2010. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), attempted murder in the second degree and aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]) and one count each of attempted murder in the second degree (§§ 110.00, 125.25 [1]) and aggravated criminal contempt (§ 215.52 [1]). Defendant contends that County Court erred in denying his request to charge the jury on attempted murder in the second degree as a lesser included offense of one of the counts of attempted murder in the first degree. We conclude that defendant waived his contention by withdrawing his request for that charge (*see People v Gomez*, 297 AD2d 388; *People v Hernandez*, 297 AD2d 389).

Defendant further contends that the court erred in allowing a police investigator, whom we note had extensive training regarding crime scene reconstruction, to testify with respect to possible bullet trajectories because he was not qualified and usurped the jury's fact-finding function. That contention is unpreserved for our review inasmuch as defendant failed to object to the investigator's testimony on those grounds (*see generally People v Osuna*, 65 NY2d 822, 824; *People v Smith*, 24 AD3d 1253, *lv denied* 6 NY3d 818). In any event, "[i]t is well established that the admissibility and scope of expert testimony is committed to the sound discretion of the trial court" (*People v Fish*, 235 AD2d 578, 579, *lv denied* 89 NY2d 1092; *see People*

*v Cronin*, 60 NY2d 430, 433).  Where a police investigator has sufficient "practical experience . . ., his [or her] lack of formal education in ballistics and trajectories" may not disqualify the investigator from testifying with respect thereto (*People v Brockenshire*, 245 AD2d 1065, 1065-1066, *lv denied* 91 NY2d 940).  We further conclude that the court properly admitted in evidence the testimony of the People's expert reconstruction witness, inasmuch as it was based on his specialized knowledge and was helpful in aiding the jury to reach its verdict (*see People v Brown*, 97 NY2d 500, 505; *Cronin*, 60 NY2d at 432-433).

We reject defendant's contention that the treating physician of one of the victims should not have been permitted to testify that a projectile from a shotgun caused the victim's injuries.  The physician testified that he has been employed as a trauma surgeon since 1991, is board certified in critical care and general surgery and has seen and treated several hundred patients with gunshot wounds.  Consequently, we conclude that the court properly determined that the physician had "the requisite skill, training, education, knowledge or experience" to provide a reliable opinion (*Matott v Ward*, 48 NY2d 455, 459; *see People v Geraci*, 254 AD2d 522, 524).  We reject defendant's further contention in his main and pro se supplemental briefs that the court erred in ordering that the sentences imposed for attempted murder in the first degree run consecutively to each other.  "[W]here, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion" (*People v Jones*, 79 AD3d 1773, 1774, *lv denied* 16 NY3d 832).  The sentence is not unduly harsh or severe.

Defendant's remaining contentions are raised in his pro se supplemental brief.  We reject his contention that the court erred in refusing to charge assault in the second degree (Penal Law § 120.05 [2]) as a lesser included offense of attempted murder in the second degree (*see People v Hymes*, 70 AD3d 1371, 1372-1373, *lv denied* 15 NY3d 774; *see generally People v Green*, 56 NY2d 427, 430-432, *rearg denied* 57 NY2d 775).  The majority of instances cited by defendant in support of his further contention that he was denied effective assistance of counsel involve matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800), and we conclude that defendant otherwise received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Defendant's remaining contentions are unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

All concur except GORSKI, J., who is not participating.


Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court