# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**949**

**KA 08-02474**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY JEAN-PHILIPPE, ALSO KNOWN AS JEFFERY
JEAN-PHILIPPE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Francis A. Affronti, J.), rendered September 19, 2008.  The judgment
convicted defendant, upon a jury verdict, of criminal possession of a
forged instrument in the second degree (three counts) and reckless
endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is
reversed on the law, a new trial is granted on counts one through
three of the indictment, and count four of the indictment is dismissed
without prejudice to the People to file or re-present to another grand
jury any appropriate charge under that count.

Memorandum:  Defendant appeals from a judgment convicting him
following a jury trial of three counts of criminal possession of a
forged instrument in the second degree (Penal Law § 170.25) and one
count of reckless endangerment in the first degree (§ 120.25).  We
agree with defendant that he was denied a fair trial by Supreme
Court's refusal to dismiss a juror who was seen falling asleep, albeit
briefly, during trial.  "A determination whether a juror is
unavailable or grossly unqualified, and subsequently to discharge such
a juror, is left to the broad discretion of the court" (*People v
Punwa*, 24 AD3d 471, 472, *lv denied* 6 NY3d 779).  However, "[i]t is
well established that '[a] juror who has not heard all the evidence is
grossly unqualified to render a verdict' " (*People v Hymes*, 70 AD3d
1371, 1372, *lv denied* 15 NY3d 774; *see People v Williams*, 202 AD2d
1004, 1004).  Here, because there were no alternate jurors at the
time, the dismissal of a juror would have required a mistrial.  Thus,
it appears that the court attempted to rehabilitate the juror at issue
thereby avoiding a mistrial, by asking the juror if she "missed any
relevant or important . . . parts . . . of the testimony" and if she
"heard everything that [she] need[ed] to know thus far."  The court's

efforts, however, were unavailing. Once it was determined that the juror had fallen asleep and missed some portion of the trial testimony, it was incumbent upon the court to dismiss that juror, even though that dismissal would have necessitated a mistrial.

We likewise agree with defendant that the evidence is legally insufficient to support his conviction for reckless endangerment in the first degree. Specifically, there is insufficient evidence that defendant's reckless conduct occurred "under circumstances evincing a depraved indifference to human life" (Penal Law § 120.25). Although the evidence at trial established that defendant acted recklessly when he led law enforcement on a chase in heavy traffic conditions where his speed frequently exceeded the posted speed limit, ran several red lights, and collided with several vehicles before being apprehended, that evidence is insufficient to establish that defendant acted with the requisite depraved indifference to human life to support a conviction of reckless endangerment in the first degree (*see generally People v Prindle*, 16 NY3d 768, 769-771). "[T]he statutory provision that a defendant act '[u]nder circumstances evincing a depraved indifference to human life' constitutes an additional requirement of the crime--beyond mere recklessness and risk--which in turn comprises both depravity and indifference" (*People v Suarez*, 6 NY3d 202, 214). Here, at most, the evidence adduced at trial was legally sufficient to support a finding of reckless endangerment in the second degree (§ 120.20). Because there must be a new trial based on the court's failure to dismiss the grossly unqualified juror (*cf. People v Cargill*, 70 NY2d 687, 689), we dismiss count four of the indictment without prejudice to the People to file or re-present to another grand jury any appropriate charge under that count (*see generally People v Pallagi*, 91 AD3d 1266, 1270).

Finally, we reject defendant's contention that counts one through three of the indictment, i.e., the three counts of criminal possession of a forged instrument in the second degree, are multiplicitous (*see generally People v Okafore*, 72 NY2d 81, 85-88). In light of our determination, we do not address defendant's remaining contentions.

All concur except SCUDDER, P.J., who dissents in part and votes to modify in accordance with the following Memorandum: I agree with the majority's conclusion that the evidence is legally insufficient to support the conviction of reckless endangerment in the first degree (Penal Law § 120.25; *see generally People v Prindle*, 16 NY3d 768, 769-771). I also agree with the majority that the judgment with respect to the remaining counts charging defendant with three counts of criminal possession of a forged instrument in the second degree (§ 170.25) should be reversed and a new trial granted on those counts because a juror who was seen sleeping was thereby grossly unqualified to render a verdict (*see People v Hymes*, 70 AD3d 1371, 1372, *lv denied* 15 NY3d 774). I nevertheless respectfully disagree with the majority's conclusion that we should dismiss count four, i.e., reckless endangerment in the first degree, with leave to file, or re-present to another grand jury, any appropriate charge. In my view, we should modify the judgment with respect to count four by reducing the conviction to the lesser included offense of reckless endangerment in

the second degree (Penal Law § 120.20), inasmuch as the evidence is legally sufficient to support the lesser but not the greater offense (*see* CPL 470.15 [2] [a]).  The evidence established that defendant led law enforcement personnel on a high-speed chase during which he disobeyed several traffic control devices, drove in the wrong direction on the roadway and was involved in multiple collisions.

We are required, upon reversing or modifying a judgment, to "take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the reversal or modification and to protect the rights of the respondent" (CPL 470.20; *see People v Rodriguez*, 18 NY3d 667, 670-671).  As noted, the majority dismisses count four of the indictment and grants leave to the People to, inter alia, file any appropriate charge.  However, it is clear that the lesser included offense of reckless endangerment in the second degree is not an appropriate charge because defendant's double jeopardy rights would be violated if he were charged with that offense inasmuch as "the lesser offense . . . requires no proof beyond that which is required for conviction of the greater" (*People v Biggs*, 1 NY3d 225, 230 [internal quotation marks omitted]; *see* US Const 5th Amend; NY Const, art I, § 6; CPL 40.20).  "At its core, double jeopardy precludes 'the government from prosecuting a [defendant] for the same offense after an acquittal or a conviction' " (*People v Gause*, 19 NY3d 390, 394, quoting *Matter of Suarez v Byrne*, 10 NY3d 523, 532, *rearg denied* 11 NY3d 753).

I submit that, because CPL 470.20 provides that the "particular corrective action to be taken or directed is governed *in part* by the following rules," we may fashion corrective action that is not specified in CPL 470.20 that both rectifies the injustice to defendant and protects the rights of the People (*see Rodriguez*, 18 NY3d at 671). I note that in *People v Pallagi* ([appeal No. 1] 91 AD3d 1266, 1267-1268), defendant contended both that there was a trial error that deprived her of a fair trial and legally insufficient evidence to support the conviction, and we therefore dismissed the sole count of the indictment, charging defendant with grand larceny in the fourth degree (Penal Law § 155.30 [1]), with leave to file any appropriate charge.  As I noted in my dissent (*Pallagi*, 91 AD3d at 1271-1272), the corrective actions with respect to that count were in conflict, i.e., the trial error required that a new trial be granted (*see* CPL 470.20 [1]), and the insufficient evidence permitted reduction of the count to a lesser included offense (*see* CPL 470.15 [2] [a]) or required dismissal of the count (*see* CPL 470.20 [2]).  Here, however, defendant is convicted of not one count, but of four counts.  Notably, defendant recognizes that the permissible corrective actions are in conflict and thus contends that he should be granted a new trial on counts one, two and three, and that count four should be dismissed or reduced to the lesser included offense (*see* CPL 470.20).

I would therefore modify the judgment by reducing the conviction under count four to the lesser included offense of reckless endangerment in the second degree (*see* CPL 470.15 [2] [a]; *see e.g. People v Brink*, 78 AD3d 1483, 1483, *lv denied* 16 NY3d 742,

*reconsideration denied* 16 NY3d 828), and I would remit the matter to Supreme Court for resentencing on that count (*see* CPL 470.20 [4]).  I otherwise agree with the majority that the judgment insofar as it convicted defendant of counts one, two and three should be reversed and that a new trial should be granted on those counts.  In my view, that corrective action serves both statutory mandates, i.e., to rectify the respective injustices to defendant and to protect the rights of the People.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court