Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of reckless endangerment in the first degree (§ 120.25). We agree with defendant that he was denied a fair trial by Supreme Court’s refusal to dismiss a juror who was seen falling asleep, albeit briefly, during trial. “A determination whether a juror is unavailable or grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court” (People v Punwa, 24 AD3d 471, 472 [2005], lv denied 6 NY3d 779 [2006]). However, “[i]t is well established that ‘[a] juror who has not heard all the evidence is grossly unqualified to render a verdict’ ” (People v Hymes, 70 AD3d 1371, 1372 [2010], lv denied 15 NY3d 774 [2010]; see People v Williams, 202 AD2d 1004, 1004 [1994]). Here, because there were no alternate jurors at the time, the dismissal of a juror would have required a mistrial. Thus, it appears that the court attempted to rehabilitate the juror at issue thereby avoiding a mistrial, by asking the juror if she “missed any relevant or important. . . parts ... of the testimony” and if she “heard everything that [she] need[ed] to know thus far.” The court’s efforts, however, were unavailing. Once it was determined that *1583 the juror had fallen asleep and missed some portion of the trial testimony, it was incumbent upon the court to dismiss that juror, even though that dismissal would have necessitated a mistrial.
We likewise agree with defendant that the evidence is legally insufficient to support his conviction for reckless endangerment in the first degree. Specifically, there is insufficient evidence that defendant’s reckless conduct occurred “under circumstances evincing a depraved indifference to human life” (Penal Law § 120.25). Although the evidence at trial established that defendant acted recklessly when he led law enforcement on a chase in heavy traffic conditions where his speed frequently exceeded the posted speed limit, ran several red lights, and collided with several vehicles before being apprehended, that evidence is insufficient to establish that defendant acted with the requisite depraved indifference to human life to support a conviction of reckless endangerment in the first degree (see generally People v Prindle, 16 NY3d 768, 769-771 [2011]). “[T]he statutory provision that a defendant act ‘[u]nder circumstances evincing a depraved indifference to human life’ constitutes an additional requirement of the crime — beyond mere recklessness and risk — which in turn comprises both depravity and indifference” (People v Suarez, 6 NY3d 202, 214 [2005]). Here, at most, the evidence adduced at trial was legally sufficient to support a finding of reckless endangerment in the second degree (§ 120.20). Because there must be a new trial based on the court’s failure to dismiss the grossly unqualified juror (cf. People v Cargill, 70 NY2d 687, 689 [1987]), we dismiss count four of the indictment without prejudice to the People to file or re-present to another grand jury any appropriate charge under that count (see generally People v Pallagi, 91 AD3d 1266, 1270 [2012]).
Finally, we reject defendant’s contention that counts one through three of the indictment, i.e., the three counts of criminal possession of a forged instrument in the second degree, are multiplicitous (see generally People v Okafore, 72 NY2d 81, 85-88 [1988]). In light of our determination, we do not address defendant’s remaining contentions.
All concur except Scudder, P.J., who dissents in part and votes to modify in accordance with the following memorandum.