*570 Judgment, Supreme Court, New York County (Michael J. Obús, J.), rendered July 19, 2011, convicting defendant, after a jury trial, of scheme to defraud in the first degree, and sentencing her to a term of four months of intermittent imprisonment to be served on weekends, five years’ probation and restitution in the amount of $1.65 million, unanimously affirmed.
Defendant’s dismissal motion, which merely made reference to unspecified “elements,” failed to preserve her claim that the evidence was legally insufficient to prove her guilt of scheme to defraud in the first degree (see People v Gray, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant was an employee of an art gallery that embezzled money from owners of artworks consigned to the gallery. The evidence established both that defendant participated in a unitary scheme to defraud the victims, which included closely related acts of nondisclosure and active misrepresentation, and that the gallery’s owner, with whom defendant acted in concert, obtained property as a result of that scheme (see Penal Law § 190.65 [2]; People v First Meridian Planning Corp., 86 NY2d 608 [1995]). We have considered and rejected defendant’s arguments concerning these issues.
The court properly determined the restitution amount without holding a hearing pursuant to Penal Law § 60.27. Defendant’s request for such a hearing was only connected to her argument that restitution should be determined based on her personal financial gain, which she believed to be somewhere between $150,000 and $300,000 but had been unable to precisely fix the amount. Once the court decided that it would base restitution on the victims’ actual losses, there was no factual challenge to the People’s calculation based on the amounts invoiced for the art works. The calculation was based on evidence already in the trial record. (People v Consalvo, 89 NY2d 140, 144 [1996]). The court, exercising its discretion based on consideration of all of the circumstances, then imposed a restitution amount that was less than a fourth of the People’s calculation of loss. Concur — Mazzarelli, J.P, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.