# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1363
KA 09-02637
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DANNY HURST, DEFENDANT-APPELLANT.

---

SCHWARTZ & PONTERIO, PLLC, NEW YORK CITY (MATTHEW F. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered December 1, 2009. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree, grand larceny in the third degree (two counts) and falsifying business records in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the second degree (Penal Law § 155.40 [1]), two counts of grand larceny in the third degree (former § 155.35), and three counts of falsifying business records in the first degree (§ 175.10). Defendant's contention that the People failed to instruct the grand jury on the defense of a claim of right for the larceny counts is not preserved for our review (see § 155.15 [1]; *People v West*, 4 AD3d 791, 792-793; *see also People v Fisher*, 101 AD3d 1786, 1786-1787, *lv denied* 20 NY3d 1098). Defendant's contention that he was deprived of his constitutional right to present evidence and to confront witnesses against him when County Court precluded certain documents from evidence and limited cross-examination of a witness is likewise not preserved for our review (see *People v Angelo*, 88 NY2d 217, 222; *People v Bryant*, 93 AD3d 1344, 1344-1345; *People v Bernardez*, 63 AD3d 1174, 1175, *lv denied* 13 NY3d 794). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction with respect to the counts of falsifying business records in the first degree inasmuch as his motion for a trial order of dismissal was not "specifically directed" at the alleged error now asserted on appeal

(*People v Gray*, 86 NY2d 10, 19 [internal quotation marks omitted]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant further contends that the evidence is legally insufficient to support the conviction with respect to the counts of grand larceny in the second and third degrees because he received the payments associated with those counts under a claim of right. We reject that contention. That defense applies where "the property was appropriated under a claim of right made in good faith" (Penal Law § 155.15 [1]). The People had the burden of disproving that defense beyond a reasonable doubt (*see People v Zona*, 14 NY3d 488, 492-493; *People v Chesler*, 50 NY2d 203, 210), and we conclude that they met that burden here. Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes of grand larceny in the second and third degrees as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that he was denied effective assistance of counsel based on various errors made by defense counsel. We conclude that defendant failed to meet his burden of demonstrating the absence of a strategic or other legitimate explanation for many of defense counsel's alleged errors (*see People v Benevento*, 91 NY2d 708, 712). In addition, defendant was "not denied effective assistance of . . . counsel merely because counsel [failed to] make a motion or argument that ha[d] little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). To the extent that defense counsel committed errors, they were not "sufficiently egregious and prejudicial as to comprise . . . defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152). Viewing the evidence, the law, and the circumstances of this case in totality and at the time of representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we reject defendant's contention that the court erred in failing to conduct a probing inquiry of a juror whom defense counsel reported to the court as appearing to be asleep during the jury charge. "[I]t is well established that [a] juror who has not heard all the evidence is grossly unqualified to render a verdict" (*People v Jean-Philippe*, 101 AD3d 1582, 1582 [internal quotation marks omitted]). Thus, a juror who has fallen asleep and missed part of the trial should be dismissed (*see id.* at 1582-1583). Here, defense counsel reported to the court that a juror "had [her] eyes closed and head over," and he was "concerned that she didn't hear all of the instructions." The court, however, indicated that it had "watched her carefully, she did close her eyes, she was not sleeping." Inasmuch as "the court had the benefit of its own observations, further inquiry was not required" (*People v Lennon*, 37 AD3d 853, 854, *lv denied* 9 NY3d 846; *see People v Booker*, 49 AD3d 658, 660, *lv denied* 10 NY3d 859;

*People v Phillips*, 34 AD3d 1231, 1231, *lv denied* 8 NY3d 848).

Entered:  January 3, 2014                    Frances E. Cafarell
                                            Clerk of the Court