# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1311**
**KA 12-00280**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

ALLEMAH FORBES-HAAS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 10, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35 [1]). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the conviction. Further, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that County Court's claim of right charge improperly shifted the burden of proof to defendant, and we therefore reverse the judgment and grant a new trial. Penal Law § 155.15 (1) provides that, "[i]n any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith." As noted in *People v Green* (5 NY3d 538, 542), however, the Court of Appeals in *People v Chesler* (50 NY2d 203, 209-210) "held that section 155.15 was unconstitutional insofar as it made a good-faith claim of right an affirmative defense because to do so impermissibly shifted the burden onto the defendant to disprove the element of intent." Rather, "a good faith claim of right is properly a defense—not an affirmative defense—and thus, 'the [P]eople have the burden of disproving such defense beyond a reasonable doubt' " (*People*

*v Zona*, 14 NY3d 488, 492-493, quoting § 25.00 [1]; *see People v Hurst*, 113 AD3d 1119, 1120, *lv denied* 22 NY3d 1199, *reconsideration denied* 23 NY3d 1021). Here, however, the court instructed the jury that "defendant has the burden of proving that she took, withheld or obtained the property under a claim of right made in good faith by a preponderance of the evidence." We conclude that the court committed a mode of proceedings error when it shifted the burden onto defendant to disprove the element of intent (*see Green*, 5 NY3d at 542), thereby requiring reversal of the judgment and a new trial even in the absence of preservation (*see generally People v Becoats*, 17 NY3d 643, 651, *cert denied* ___ US ___, 132 S Ct 1970; *People v Patterson*, 39 NY2d 288, 295-296, *affd* 432 US 197).

In light of our determination that defendant is entitled to a new trial, we do not reach defendant's remaining contentions.

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court