People v McCoy (2020 NY Slip Op 07098)





People v McCoy


2020 NY Slip Op 07098


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-08650
 (Ind. No. 386/17)

[*1]The People of the State of New York, respondent,
v
William McCoy, appellant.


Michael A. Ciaffa, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz and John B.
Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered June 29, 2018, convicting him of grand larceny in the second degree and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction of grand larceny in the second degree (see Penal Law § 155.40[1]; People v Brown, 107 AD3d 1145, 1146) and scheme to defraud in the first degree (see Penal Law § 190.65[1][b]; People v Morse, 111 AD3d 569, 570) beyond a reasonable doubt. Contrary to the defendant's contention, the evidence adduced at trial was sufficient to prove beyond a reasonable doubt that the property at issue was not appropriated under a claim of right made in good faith (see generally Penal Law § 155.15[1]; People v Zona, 14 NY3d 488, 492-493). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contention that he was denied the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 330.30 to set aside the verdict based on a claim of ineffective assistance of counsel (see CPL 330.30[1]; 330.40[2]; People v Freire, 168 AD3d 973, 975).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court