People v Robinson (2021 NY Slip Op 02688)





People v Robinson


2021 NY Slip Op 02688


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


955 KA 17-00744

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM J. ROBINSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered April 26, 2016. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree (two counts), petit larceny and scheme to defraud in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and one count each of petit larceny (§ 155.25) and scheme to defraud in the first degree (§ 190.65 [1]), defendant contends that he was denied the right to appear before the grand jury and that he was deprived of effective assistance of counsel by his attorney's failure to effectuate his desire to testify before the grand jury. We reject those contentions. Although "the right to testify before a grand jury is significant and 'must be scrupulously protected' . . . , 'a prospective defendant has no constitutional right to testify before the [g]rand [j]ury' " (People v Hogan, 26 NY3d 779, 786 [2016]). Moreover, even when it is due to attorney error, "a '[d]efense counsel's failure to timely facilitate defendant's intention to testify before the [g]rand [j]ury does not, per se, amount to a denial of effective assistance of counsel' " (id. at 787). Here, Supreme Court properly denied defendant's motion to dismiss the indictment based on an alleged violation of his right to testify before the grand jury because it is undisputed that defendant failed to invoke that right in accordance with the strict requirements of CPL 190.50 (see People v Kirk, 96 AD3d 1354, 1358-1359 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]). We further conclude that defendant's related contention that he was deprived of effective assistance of counsel lacks merit (see People v Hall, 169 AD3d 1379, 1380 [4th Dept 2019], lv denied 33 NY3d 976 [2019]; People v Smith, 121 AD3d 1568, 1569 [4th Dept 2014], lv denied 26 NY3d 1150 [2016]).
We reject defendant's further contention that the court erred in granting his request to proceed pro se. The record establishes that defendant made a "knowing, voluntary and intelligent waiver of the right to counsel" (People v Arroyo, 98 NY2d 101, 103 [2002]). Defendant's request was unequivocal and was not made as an alternative to seeking substitute counsel (see People v Paulin, 140 AD3d 985, 987 [2d Dept 2016], lv denied 28 NY3d 935 [2016]), and the court made the requisite inquiry to ascertain that defendant understood the "risks inherent in proceeding pro se, and . . . the singular importance of the lawyer in the adversarial system of adjudication" (People v Smith, 92 NY2d 516, 520 [1998]; see e.g. People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018]; People v Spirles, 275 AD2d 980, 981 [4th Dept 2000], lv denied 96 NY2d 807 [2001]).
Defendant failed to preserve for our review his contention that his right to a fair trial was violated because he was required to wear jail attire at trial (see People v Irizarry, 160 AD3d 1384, 1385 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Brown, 256 AD2d 1110, 1110 [4th Dept 1998], lv denied 93 NY2d 851 [1999]), and we decline to review that contention [*2]as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the conviction is not supported by legally sufficient evidence with respect to the issue of his intent. Defendant failed to preserve that contention for our review inasmuch as his "motion for a trial order of dismissal was not specifically directed at the issues raised on appeal" (People v Pittman, 109 AD3d 1080, 1082 [4th Dept 2013], lv denied 22 NY3d 1043 [2013]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]) that defendant did not act under a good faith claim of right (see generally People v Kachadourian, 184 AD3d 1021, 1027 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Hurst, 113 AD3d 1119, 1120 [4th Dept 2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1021 [2014]) and that when defendant took deposits from the victims, he was acting with the intent required for the larceny and scheme to defraud counts. Consequently, we conclude that the evidence is legally sufficient to support the conviction (see People v McCoy, 188 AD3d 1262, 1262 [2d Dept 2020], lv denied 36 NY3d 1058 [2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the People established beyond a reasonable doubt that defendant did not have a subjective, good faith belief that he had a claim of right to the property (cf. People v Rios, 107 AD3d 1379, 1381-1382 [4th Dept 2013], lv denied 22 NY3d 1158 [2014]; see generally People v Zona, 14 NY3d 488, 492-493 [2010]) and, moreover, that defendant acted with the requisite intent regardless of whether he had such a belief. Consequently, we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court