OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division majority that defendant made a prima facie showing that the uncalled witness possessed knowledge on the critical issue in the case— i.e., whether it was defendant who sold the drugs — and that the trial court’s refusal to give a "missing witness” charge constituted reversible error. In People v Gonzalez (68 NY2d 424), we explained that a defendant seeking the charge has the initial burden of making a prima facie showing of entitlement. Thereafter, the court must give the charge unless the People either "account for the witness’ absence or otherwise demonstrate that the charge would not be appropriate” (id., at 428). Here, the evidence showed that the uncalled officer was in a position to observe the transaction and to determine whether defendant was the drug seller. The People might, nevertheless, have defeated defendant’s request for the charge by showing that the missing witness did not, in fact, have the requisite knowledge, that the issues about which he did have knowledge were not material or relevant, or that the testimony would have been cumulative. But the People advanced none of these arguments and, so far as can be discerned from the record, the trial court did not base its ruling on any of these grounds.
Additionally, the People might have protested, as they do for the first time in this court, that defendant’s request was untimely because not made "as soon as practicable” (id., at 428). The People having failed to raise that issue at trial, however, it was not preserved for our review (see, People v Tabarez, 69 NY2d 663; People v Villani, 59 NY2d 781, 783-784).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.