■ X.L.O. CONCRETE CORPORATION, Respondent, v TIMOTHY F. O'CONNOR et al., Appellants.—Judgment of Supreme Court, New York County (Beverly S. Cohen, J.), entered June 20, 1991, in favor of plaintiff in the amount of $815,682.70, upon plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

Plaintiff brought a motion for summary judgment in lieu of complaint on the basis of nineteen (19) separate promissory notes executed by defendants between September 18, 1985 and October 31, 1986. The notes are unconditional and payable upon demand at a rate of 1% above the prime rate. Plaintiff established a prima facie right to recovery upon proof of the notes and the defendants' failure to make payment thereon

*(Hackensack Cars v Beverly,* 140 AD2d 254, *appeal dismissed* 72 NY2d 1041, *rearg denied* 73 NY2d 872). We agree with the IAS court's conclusion that defendants' submissions lack probative force and are insufficient to defeat plaintiff's right to payment. " '[S]hadowy and conclusory statements' " are insufficient to raise a triable issue of fact in defense of the notes *(First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 445), and defendants' conclusory and irrelevant allegations were insufficient to defeat summary judgment *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Even assuming, *arguendo,* that plaintiff did have knowledge of the terms of a partnership agreement referred to by defendants, the plaintiff was neither a member of that partnership nor a signatory to the partnership agreement, and is not bound thereby. Accordingly, plaintiff's mere knowledge of the terms of the partnership agreement provides no defense and does not raise any triable issue of fact.

We have considered the defendants' remaining argument and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.