◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIQUEZ, Appellant. [595 NYS2d 785] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered March 1, 1990, convicting him of burglary in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded

great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that the court improperly refused to issue a missing witness charge with regard to Rodney Tedder. We agree. The evidence demonstrates that Tedder was in a position to know about the robbery and that he could have been expected to testify favorably to the People, as an eyewitness to the crime and as the child of another eyewitness. Contrary to the contention of the People, the defendant did not have the initial burden of demonstrating that Tedder's testimony would not have been cumulative (see, *People v Fields,* 76 NY2d 761, 763; *People v Vasquez,* 76 NY2d 722, 724; *People v Gonzalez,* 68 NY2d 424, 428). We do agree with the People, however, that the error was harmless in view of the overwhelming evidence of guilt (see, *People v Fields, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (see, *People v Whalen,* 59 NY2d 273, 280; *People v Charleston,* 56 NY2d 886, 887). Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.