■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERIE WILLIAMS, Appellant. [612 NYS2d 700] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We reject defendants' contention that the court improperly discharged a sworn juror on the ground that the juror was "grossly unqualified" within the meaning of CPL 270.35. " '[A] juror who has not heard all the evidence is grossly unqualified to render a verdict' " (People v Adams, 179 AD2d 764, 765, quoting People v Russell, 112 AD2d 451, 453). The juror in question admitted to "drifting off" during testimony and that he "kind of lost it a little bit". Under the circumstances, the court properly deemed him to be grossly unqualified to serve and replaced him with an alternate juror.

Similarly without merit is defendants' contention that reversal is required because of the court's in camera examination of the juror in defendants' absence. A defendant's right to be present at all material stages of the trial is not violated when an examination regarding a juror's possible disqualification is held in defendant's absence (People v Torres, 80 NY2d 944, 945; People v Mullen, 44 NY2d 1; People v Spataro, 202 AD2d 1005 [decided herewith]; People v Sanders, 199 AD2d 1011).

Defendants were not entitled to a missing witness charge because they failed to make the initial showing that the uncalled witness "would naturally be expected to provide noncumulative testimony favorable to the [prosecution]" (People v Kitching, 78 NY2d 532, 536).

It was improper for the prosecutor to comment on summation that in order for the jurors to find that they had "the wrong person" they would have to find that the FBI agent fabricated his testimony. It was also improper for the prosecutor to characterize the strategy of the defense as being to "create all the confusion that they could * * * to delay, to keep going over the testimony * * * [and to] try to confuse you". Nevertheless, those comments were not part of a pervasive pattern of misconduct and were not so egregious that defendants were denied a fair trial (see, People v Konigsberg, 137 AD2d 142, 148, lv denied 72 NY2d 912; People v Mott, 94 AD2d 415, 418-419).

Reversal of defendant Valerie Williams' conviction is nevertheless required. Because there was evidence to support the inference that she was acting in the drug transaction merely as an extension of the buyer, she was entitled to a jury instruction on the agency defense (see, People v Herring, 83

NY2d 780). Defendant Anthony Brown was not entitled to such an instruction, however, because there is no view of the evidence to support the inference that he was acting solely as an extension of the buyer.

We have considered defendants' remaining contentions and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.