12 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KING, Appellant. [630 NYS2d 185] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree, arising out of his participation in the sale of cocaine to an informant who was working with the FBI. We have previously determined the appeals of the codefendants *(see, People v Brown,* 202 AD2d 1003, *lv denied* 83 NY2d 869; *People v Williams,* 202 AD2d 1004).

Supreme Court properly denied as untimely defendant's motion to sever because it was made 11 months after arraignment and less than one month before trial *(see,* CPL 255.20 [1]). Moreover, the motion was based on insufficient moving papers *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Vic-*

*tory v New York,* 416 US 905; *People v Gonzalez,* 137 AD2d 558, *lv denied* 72 NY2d 957).

Defendant contends that the court erred in admitting hearsay testimony under "the conspiracy exclusion rule" because the People failed to prove a conspiracy and those counts were dismissed at the close of the People's case. We conclude, however, that the testimony was not hearsay and was properly admitted. Before admitting that testimony, the court instructed the jury that it was permitting the jury to hear such testimony, not for its truthfulness, but merely to give them some understanding about the background of the drug dealings. "Testimony offered not for the truth of its content but to evidence the fact that the statement was made is not hearsay" *(People v Davis,* 58 NY2d 1102, 1103; *see, People v Felder,* 37 NY2d 779, 780).

We also reject the contention of defendant that the court erred in denying his request to charge criminal sale of a controlled substance in the third degree as a lesser included offense under the first count of the indictment and criminal possession of a controlled substance in the seventh degree as a lesser included offense under the third count of the indictment. Because defendant was charged under an aggregate weight statute, his knowledge of the weight of the substance "may be inferred from [his] handling of the material" *(People v Ryan,* 82 NY2d 497, 505; *see, People v Sanchez,* 86 NY2d 27), as well as from the negotiations and discussions about price *(see, People v Hill,* 85 NY2d 256, 263). Therefore, there is no reasonable view of the evidence that would support the lesser charges under either the criminal sale or criminal possession counts.

We agree with defendant that some comments by the prosecutor on summation were improper. Those comments, however, were not so egregious that defendant was denied a fair trial thereby *(see, People v Williams, supra).*

We have reviewed the other issues raised by defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.