■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RODRIGUEZ, Appellant. [640 NYS2d 10]

The verdict was not against the weight of the evidence. Although the two key witnesses against defendant both had extensive criminal histories and at the time of trial were fac-

ing unresolved criminal charges, the jury was fully informed of all of the relevant facts, including those relating to any plea arrangement, and we see no reason to disturb its determination. A jury's determination of credibility must be accorded "great deference * * * and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice" (*People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959).

There is no merit to defendant's claim that the prosecutor committed misconduct when he refused to accept the initial testimony of a purported eyewitness that he had not seen the shooting, and instead immediately demanded a recess for the purpose of consulting with the witness and, according to defendant, inducing the witness, who was himself in trouble with the law, to give evidence that was favorable to the People. "[T]he decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial" (*People v Branch*, 83 NY2d 663, 667), provided the defendant is given an opportunity to cross-examine the witness about the conference and, where appropriate, *voir dire* the other conference participants about the content of the meeting prior to cross-examination *(supra,* at 667-668). Having failed to avail himself of that opportunity, defendant's claim that the prosecutor, rather than endeavoring to convince the witness to testify truthfully, was seeking to have the witness commit perjury, is mere speculation.

The record demonstrates that defendant was present in the robing room during the *Sandoval* hearing and the proceedings on his application for new counsel. Defendant was present for challenges to prospective jurors to the extent required by law (*see, People v Velasco*, 77 NY2d 469, 473).

Defendant's sentence was neither illegal nor an abuse of discretion. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.