■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICHARDSON, Appellant. [647 NYS2d 464] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered March 22, 1994, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. All issues of credibility were properly placed before the jury, which had the opportunity to observe the witnesses' demeanor and is therefore in the best position to weigh their credibility, and there is no reason on this record to disturb the jury's determination of credibility. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WHITE, Appellant. [647 NYS2d 78] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered September 2, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). The discrepancies in the complainant's testimony, including those concerning his ability to see defendant's face, were placed before the jury, whose finding of credibility is entitled to " 'great deference' " on appeal (*People v Rodriguez*, 225 AD2d 396, 397). The testimony of the defense witness merely raised credibility issues for the jury to resolve (*People v Scoggins*, 227 AD2d 204).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.