■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Appellant. [659 NYS2d 534] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 18, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

In the early morning hours of June 22, 1993, defendant caused the death of Samuel Gardner by stabbing him in the chest and abdomen with a knife. The crime was committed in the presence of a number of witnesses; three of the eyewitnesses—Alvin Boykins, Ernest Horge and Linda McGruder—testified for the People at trial. During his testimony, Boykins initially denied seeing defendant at any time during the morning hours of June 22, 1993. However, following a brief conference with the prosecutor, permitted over defendant's objection upon the prosecutor's claim that the witness had been intimidated, Boykins acknowledged that defendant was present and in fact committed the murder. The People also presented the testimony of defendant's cellmate, who testified that defendant admitted to the stabbing on three separate occasions. Convicted of murder in the second degree and sentenced to a prison term of 25 years to life, defendant now appeals.

We affirm. Initially, we reject the contention that County Court abused its discretion in denying defendant's request for a missing witness charge with regard to Gerald Sheard and Robert Owens, other individuals who were present at the time of the stabbing. As the proponent of the missing witness charge, the burden was on defendant to make a prima facie showing, among other things, that the witnesses "would naturally be expected to provide noncumulative testimony favorable to [the People]" (*People v Gonzalez*, 68 NY2d 424, 427). Although, as eyewitnesses to the crime, Owens and Sheard were clearly knowledgeable about a material issue, in view of the fact that three other eyewitnesses testified at trial, their testimony would have been cumulative (*see, People v Artis*, 232 AD2d 729, 731, *lv denied* 89 NY2d 939). Moreover, had defendant met his initial burden, the People competently accounted for the witnesses' absence by showing that Owens and Sheard could not be located despite diligent police efforts, including a check of all known addresses, local hospitals, friends and relatives and searches of criminal, motor vehicle and social services records, both within and outside the State.

Thus, we perceive no basis for disturbing County Court's finding that the witnesses were truly unavailable and its denial of the missing witness charge on that basis (*see, People v Skaar*, 225 AD2d 824, *lv denied* 88 NY2d 854).

We are also unpersuaded that County Court abused its discretion in allowing the People to confer with Boykins following his initial false testimony. In *People v Branch* (83 NY2d 663), the Court of Appeals considered the range of proper responses by a trial court "confronted with the possibility that a witness was testifying falsely at the trial, thereby jeopardizing a criminal prosecution and exposing himself to perjury charges" (*id.*, at 667). The court held that "the decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial" (*id.*, at 667). Although the Court of Appeals discussed a number of safeguards that had been properly employed by the trial court in that case (*see, id.*, at 667-668), here defendant sought no such protections (*see, People v Rodriguez*, 225 AD2d 396, 397, *lv denied* 88 NY2d 969). Rather, he maintained the tactical position that the conference was wholly unauthorized, thereby mandating a mistrial. In any event, consistent with *People v Branch* (*supra*), (1) the People did not elicit the alleged intimidation incident while Boykins was on the stand, (2) both of Boykins' contradictory statements remained on the record for the jury to weigh, (3) defense counsel was not prohibited from cross-examining Boykins about the conference or his sudden change in testimony, and (4) the defense was not prohibited from referring to the conference in summation or from suggesting improper coaching.

Defendant's remaining contentions center on the unverifiable contents of a purported police report that was neither received in evidence nor included in the record on appeal and, thus, not properly before us for our consideration (*see, People v Mena-Coss*, 210 AD2d 745, *lv denied* 86 NY2d 798; 1 Newman, NY Appellate Practice § 7.09 [6]). Furthermore, even accepting defendant's inappropriate characterization of the contents of the report (in fact, defendant's brief sets forth a direct quote therefrom, accompanied by a bogus reference to the record on appeal), the contentions are found to lack merit.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.