# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

979

KA 12-01370

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES BLAIR, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 18, 2012. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), burglary in the first degree and burglary in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [v], [vii]) and one count each of burglary in the first degree (§ 140.30 [3]) and burglary in the second degree (§ 140.25 [2]). The conviction arises out of defendant's participation, along with a codefendant, in two burglaries at the same residence, and the infliction of life-threatening injuries upon the burglary victim during the second burglary. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction. In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure to object to testimony concerning hearsay statements of the nontestifying codefendant that implicated defendant in the attempted murder and second burglary. Under the circumstances of this case, the decision not to object to that testimony was consistent with a legitimate trial strategy (*see People v Benevento*, 91 NY2d 708, 712-713; *cf. People v Jeannot*, 59 AD3d 737, 737, *lv denied* 12 NY3d 916). We reject

defendant's further contention that he was denied effective assistance of counsel based upon defense counsel's failure to object to the prosecutor's alleged misconduct during summation. Even assuming, arguendo, that some of the prosecutor's comments were improper, we conclude that his conduct was not so egregious that it deprived defendant of a fair trial (*see People v Benton*, 106 AD3d 1451, 1452, *lv denied* 21 NY3d 1040), and thus the "failure to object to those comments does not constitute ineffective assistance of counsel" (*People v Nicholson*, 118 AD3d 1423, 1425).

We agree with defendant, however, that Supreme Court erred in permitting the prosecutor to impeach him with the statement that he made to State University police officers. That statement had been suppressed, and defendant did not open the door to its use for impeachment by giving testimony contrary to the statement during his direct examination (*see People v Zlochevsky*, 196 AD2d 701, 704, *lv denied* 82 NY2d 854). Nevertheless, we conclude that the error is harmless. The evidence against defendant is overwhelming, and there is no reasonable possibility that the jury would have acquitted defendant absent the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's further contention that the court erred in refusing to suppress his statements to Buffalo police officers. The record of the *Huntley* hearing supports the court's determination that there was a sufficiently pronounced break between the custodial questioning of defendant by State University police in violation of his *Miranda* rights and his subsequent questioning by Buffalo police (*see People v Paulman*, 5 NY3d 122, 130-132). The hearing record also supports the court's determination that defendant's statements to Buffalo police officers were voluntarily made following a valid waiver by defendant of his *Miranda* rights (*see People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846).

We agree with defendant, however, that the court erred in failing to rule on those parts of his pretrial motion seeking inspection of the grand jury minutes and dismissal of the indictment on the grounds that the evidence before the grand jury was legally insufficient and the grand jury proceeding was defective (*see People v Jones*, 103 AD3d 1215, 1217, *lv dismissed* 21 NY3d 944; *People v Spratley*, 96 AD3d 1420, 1421). As the People correctly concede, the court's failure to rule on the motion cannot be deemed a denial thereof (*see People v Concepcion*, 17 NY3d 192, 197-198). We therefore hold the case, reserve decision and remit the matter to Supreme Court to decide those parts of defendant's motion.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court