# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

8
KA 13-00072
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JONATHAN N. MAY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie county (Deborah A. Haendiges, J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, and, upon a plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]) and upon a guilty plea of criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we reject defendant's contention that the evidence is legally insufficient to support the conviction of assault (*see generally People v Bleakley*, 69 NY2d 490, 495). While there were some inconsistencies in the testimony of the victim, she was steadfast in her testimony that defendant, her long-term boyfriend, assaulted her, and the jury was entitled to credit that testimony (*see People v Kelly*, 34 AD3d 1341, 1342, *lv denied* 8 NY3d 847). Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we likewise conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). We note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case.

Contrary to defendant's contention, reversal is not required on the ground that the victim testified beyond the scope of Supreme Court's *Ventimiglia* ruling. The victim volunteered that information, and the court issued a curative instruction to the jurors, directing them not to consider that testimony (*see People v Holton*, 225 AD2d 1021, 1021, *lv denied* 88 NY2d 986; *see also People v Thigpen*, 30 AD3d 1047, 1048, *lv denied* 7 NY3d 818). The court did not abuse its discretion in allowing the victim to testify regarding prior bad acts that occurred during the assault on the victim inasmuch as that testimony "was inextricably interwoven with the evidence of the charged crime, it was necessary to comprehend that evidence . . . and its probative worth exceeded its prejudicial effect" (*People v Robb*, 23 AD3d 1116, 1117, *lv denied* 6 NY3d 780 [internal quotation marks omitted]).

We reject defendant's contention that the court erred in refusing to allow prior inconsistent statements of the victim in evidence. "The substance of th[ose] prior statement[s] was admitted in evidence through defense counsel's cross-examination of that witness" (*People v Lewis*, 277 AD2d 1022, 1022, *lv denied* 96 NY2d 802; *see People v Hendrix*, 270 AD2d 958, 958, *lv denied* 95 NY2d 853). The court properly denied defendant's request for a missing witness instruction inasmuch as he failed to demonstrate that the witnesses " 'would naturally be expected to provide noncumulative testimony favorable to the [prosecution]' " (*People v Williams*, 202 AD2d 1004, 1004, quoting *People v Kitching*, 78 NY2d 532, 536; *see People v Edwards*, 14 NY3d 733, 735).

Contrary to defendant's contention, the court properly denied his *Batson* challenge with respect to two prospective jurors. Defendant failed to meet his prima facie burden of establishing that the prosecutor exercised the peremptory challenges in a discriminatory manner (*see generally People v Smocum*, 99 NY2d 418, 421). Defendant's assertions "that the prospective jurors 'indicated no reason why they could not serve fairly' are, standing alone, generally insufficient to establish a prima facie case of discrimination" (*People v MacShane*, 11 NY3d 841, 842). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  February 13, 2015

Frances E. Cafarell
Clerk of the Court