SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**710**
**KA 11-00940**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

JEFFREY L. NEWTON, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered March 7, 2011. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and gang assault in the first degree (§ 120.07). Contrary to defendant's contention, Supreme Court properly denied his *Batson* challenge with respect to prospective juror number two. Defendant failed to meet his prima facie burden of establishing that the prosecutor exercised the peremptory challenge in a discriminatory manner (*see generally People v Smocum*, 99 NY2d 418, 421). Defendant's assertion that "there wasn't anything obvious . . . in her responses that would seem to make her favorable to the defense," "standing alone, [is] generally insufficient to establish a prima facie case of discrimination" (*People v MacShane*, 11 NY3d 841, 842; *see People v May*, 125 AD3d 1465, 1466, *lv denied* 25 NY3d 1204).

We reject defendant's contention that the court abused its discretion in discharging a sworn juror based upon a medical emergency involving the juror's grandmother (*see People v Barkley*, 66 AD3d 1432, 1432, *lv denied* 13 NY3d 905), after having made the requisite "reasonably thorough inquiry" in determining that the juror was unavailable for continued service (CPL 270.35 [2] [a]).

Contrary to defendant's further contention, we conclude that the court did not abuse its discretion in concluding that the prejudicial effect of the jury learning that defendant was incarcerated was

outweighed by the probative value of the People's evidence of defendant's statements in a recorded jailhouse telephone conversation (*see generally People v Jenkins*, 88 NY2d 948, 950).  We further conclude that, when viewed in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  November 18, 2016                    Frances E. Cafarell
                                              Clerk of the Court