■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CHESTNUT, Appellant. [50 NYS3d 549]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered October 15, 2013, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A witness's testimony in a previous proceeding may be admitted as part of the People's direct case where the People "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused [the] witness's unavailability" (*People v Cotto*, 92 NY2d 68, 75-76 [1998]; *see People v Dubarry*, 25 NY3d 161, 174 [2015]; *People v Geraci*, 85 NY2d 359, 365-366 [1995]). "Recognizing the surreptitious nature of witness tampering and that a defendant engaging in such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination" (*People v Leggett*, 107 AD3d 741, 742 [2013] [internal quotation marks omitted]). Here, after a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405, 415 [1983]), the Supreme Court properly determined that the People established, by clear and convincing evidence, that the complainant had been rendered unavailable due to threats made at the defendant's initiative or acquiescence (*see People v Leggett*, 107 AD3d at 742; *People v Nucci*, 162 AD2d 725, 726 [1990]). Accordingly, the People were properly allowed to use the complainant's grand jury testimony as part of their direct case at trial (*see People v Geraci*, 85 NY2d at 362).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for a missing witness charge, as the defendant failed to meet his initial burden of establishing that the uncalled witness would have provided noncumulative testimony and that the uncalled witness was under the People's control (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *People v Samaroo*, 137 AD3d 1308, 1309 [2016]).

The defendant's contention that the evidence was legally insufficient to establish that the complainant sustained a serious physical injury, as required for the conviction of assault in the first degree (*see* Penal Law §§ 10.00 [10]; 120.10 [1]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the

evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Finally, defense counsel's failure to object to the admission of certain DNA evidence did not constitute ineffective assistance of counsel (*see People v John*, 27 NY3d 294 [2016]; *People v Henderson*, 142 AD3d 1104, 1105 [2016]; *People v Beckham*, 142 AD3d 556 [2016]). Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.