People v Edwards (2018 NY Slip Op 01789)





People v Edwards


2018 NY Slip Op 01789


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


321 KA 16-00560

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW M. EDWARDS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE K. BOGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered February 29, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (13 counts), criminal sexual act in the second degree (13 counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, 13 counts each of rape in the second degree (Penal Law § 130.30 [1]) and criminal sexual act in the second degree (§ 130.45 [1]). Defendant failed to preserve for our review his contention that the indictment was multiplicitous (see People v Quinn, 103 AD3d 1258, 1258 [4th Dept 2013], lv denied 21 NY3d 946 [2013]), and duplicitous (see People v Becoats, 17 NY3d 643, 650-651 [2011], cert denied 566 US 964 [2012]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal, and we also note in any event that he failed to renew his motion after presenting evidence (see People v Roman, 85 AD3d 1630, 1630 [4th Dept 2011], lv denied 17 NY3d 821 [2011]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the credibility of the victim, we note that her testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]). Issues of credibility are primarily for the jury's determination (see People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]), and we see no basis for disturbing the jury's credibility determinations in this case.
Defendant contends that he was denied effective assistance of counsel based on counsel's failure to object to alleged prosecutorial misconduct on summation. We reject that contention. Most of the alleged instances of misconduct were fair comment on the evidence and fair response to defense counsel's summation (see People v Redfield, 144 AD3d 1548, 1550 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]) and, to the extent that the prosecutor made inappropriate remarks, we conclude that they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Young, 153 AD3d 1618, 1620 [4th Dept 2017], lv denied 30 NY3d 1065 [2017]). We therefore conclude that defense counsel's failure to object to the alleged instances of prosecutorial misconduct did not constitute ineffective assistance of counsel (see People v Blair, 121 AD3d 1570, 1571 [4th Dept 2014]). Finally, the sentence is not unduly harsh or [*2]severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court