People v Smith (2018 NY Slip Op 04863)





People v Smith


2018 NY Slip Op 04863


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


275 KA 14-01872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL J. SMITH, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 6, 2014. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). On appeal, defendant contends that his trial attorney rendered ineffective assistance and that Supreme Court erred in denying his request for a missing witness charge. Defendant does not, however, challenge the weight of the evidence underlying his convictions. For the reasons that follow, we reject defendant's contentions and affirm the judgment.
We address first defendant's ineffective assistance claim, which we are unanimous in rejecting. Contrary to defendant's contention, defense counsel's failure to more forcefully challenge the admissibility of evidence concerning a recent murder, in which defendant was not implicated, was consistent with counsel's misidentification defense on the instant charges. Indeed, defense counsel used that evidence to defendant's advantage at various points during the trial. Thus, defense counsel's actions constituted a legitimate trial strategy and cannot be characterized as ineffective (see People v Beaty, 231 AD2d 909, 909 [4th Dept 1996], lv denied 89 NY2d 919 [1996]; see also People v Blair, 121 AD3d 1570, 1570-1571 [4th Dept 2014]; see generally People v Benevento, 91 NY2d 708, 712 [1998]). Contrary to defendant's further contention, even if some of the prosecutor's comments during summation were improper, her conduct was not so egregious that it deprived defendant of a fair trial. As such, defense counsel's failure to object to those comments does not constitute ineffective assistance (see People v Nicholson, 118 AD3d 1423, 1425 [4th Dept 2014], affd 26 NY3d 813 [2016]; Blair, 121 AD3d at 1571).
We address next the issue that divides us, namely, the court's denial of defendant's request for a missing witness charge. In the First, Second, and Third Departments, it is well established that the proponent of such a charge has the " initial burden of proving,' " inter alia, that the missing witness has " noncumulative' " testimony to offer on behalf of the opposing party (People v Roseboro, 127 AD3d 998, 998-999 [2d Dept 2015], lv denied 26 NY3d 934 [2015] [emphasis added]; see People v Townsley, 240 AD2d 955, 958 [3d Dept 1997], lv denied 90 NY2d 943 [1997], reconsideration denied 90 NY2d 1014 [1997]; People v Hill, 165 AD2d 691, 692 [1st Dept 1990], lv denied 76 NY2d 987 [1990]). That rule has been explicitly and consistently reiterated by our sister appellate courts (see e.g. People v Chestnut, 149 AD3d 772, 773 [2d Dept 2017], lv denied 29 NY3d 1077 [2017]; People v Kass, 59 AD3d 77, 89 [2d Dept 2008]; People v Johnson, 279 AD2d 294, 295 [1st Dept 2001], lv denied 96 NY2d 830 [2001]; [*2]People v McBride, 272 AD2d 200, 200 [1st Dept 2000], lv denied 95 NY2d 868 [2000]; People v Kilgore, 254 AD2d 635, 638 [3d Dept 1998], lv denied 93 NY2d 875 [1999]; People v Smith, 240 AD2d 949, 949 [3d Dept 1997], lv denied 91 NY2d 880 [1997]).
We have never held otherwise. In other words, we have never held that a movant could satisfy its initial burden with respect to a missing witness charge without first making a prima facie showing of noncumulative testimony. To the contrary, although we have not explicitly articulated the initial burden as to noncumulative testimony as frequently as the other Departments, we did once hold that two criminal defendants "were not entitled to a missing witness charge because they failed to make the initial showing that the uncalled witness would naturally be expected to provide noncumulative testimony favorable to the [prosecution]' " (People v Williams, 202 AD2d 1004, 1004 [4th Dept 1994], quoting People v Kitching, 78 NY2d 532, 536 [1991] [emphasis added]). Our later cases frequently uphold the denial of a missing witness charge where the movant failed to "demonstrate" or "establish" noncumulative testimony (see e.g. People v Cehfus, 140 AD3d 1644, 1644 [4th Dept 2016], lv denied 28 NY3d 969 [2016], lv denied 30 NY3d 1059 [2017]; People v Muscarella, 132 AD3d 1288, 1290 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]; People v May, 125 AD3d 1465, 1466 [4th Dept 2015], lv denied 25 NY3d 1204 [2015], citing, inter alia, Williams, 202 AD2d at 1004). That later phraseology is entirely consistent with the more detailed language used in Williams and the cases from the other Departments, and we now join our sister appellate courts in reiterating what we said in Williams: when seeking a missing witness instruction, the movant has the initial, prima facie burden of showing that the testimony of the uncalled witness would not be cumulative of the testimony already given. In other words, it is the movant's burden to establish, prima facie, that the missing witness's testimony would not be "consistent with the other witnesses" (People v Rivera, 249 AD2d 141, 142 [1st Dept 1998], lv denied 92 NY2d 904 [1998]).
The dissent contends that our reiteration of the initial burden with respect to noncumulative testimony is inconsistent with People v Gonzalez (68 NY2d 424 [1986]). We respectfully disagree. In Gonzalez, the Court of Appeals wrote that, in order to secure a missing witness charge, "it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him [or her], and that the witness is available to such party" (id. at 427 [emphasis added]). In a subsequent passage highlighted by the dissent, the Court of Appeals explained that the movant's prima facie showing can be rebutted with evidence that the missing witness's testimony would be cumulative (see id. at 428). In our view, our holding is entirely consistent with Gonzalez's formulation of the missing witness standard: it must be initially "shown" by the movant that the missing witness can offer "noncumulative testimony favorable to the [non-movant]" (id. at 427), but that showing can naturally be rebutted with evidence that the missing testimony would, in fact, be cumulative (see id. at 428). Put simply, the fact that an initial showing of "A" can be defeated with proof directly negating "A" does not displace the movant's initial obligation to show "A" in the first instance.
If we are misconstruing Gonzalez now, then so did the other Appellate Divisions in Chestnut, Kass, Kilgore, Townsley, Smith, and Hill—each of which cited Gonzalez in holding explicitly that the initial burden of proving noncumulative testimony lay with the proponent of the missing witness charge (Chestnut, 149 AD3d at 773; Kass, 59 AD3d at 89; Kilgore, 254 AD2d at 638; Smith, 240 AD2d at 949; Townsley, 240 AD2d at 958; Hill, 165 AD2d at 692). Indeed, the only explicit authority for the dissent's position is a Second Department case from 1993, which held that the movant "did not have the initial burden of demonstrating that [the uncalled witness's] testimony would not have been cumulative" (People v Rodriquez, 191 AD2d 654, 655 [2d Dept 1993]). Rodriquez has never been cited by any subsequent case, and it lacks persuasive value.
Any lingering doubt about the consensus interpretation of Gonzalez was eliminated, in our view, by People v Edwards (14 NY3d 733 [2010]), which cited Gonzalez to uphold the denial of a missing witness charge because the movant "did not demonstrate that [the missing witness's] testimony would have been noncumulative" (id. at 734). Unlike the dissent, we read Edwards, and the other missing witness cases from the Court of Appeals, in the straightforward manner best suited to the fast-moving pace of a criminal trial: there are various conditions for a missing witness charge that the proponent must initially establish; if and when the proponent [*3]meets that initial burden on those conditions, the opponent is afforded an opportunity to rebut the proponent's showing before the trial court makes its ultimate determination on the missing witness application. Viewed in that light, there is no difference, as the dissent claims, between the proponent's "initial burden" and "overall burden" in connection with a missing witness charge.
Here, defendant—as the proponent of the missing witness charge—failed to meet his initial burden of proving, prima facie, that the missing witness had noncumulative testimony to offer on the People's behalf (see Townsley, 240 AD2d at 957-958; People v Pierre, 149 AD2d 740, 741 [2d Dept 1989], lv denied 74 NY2d 745 [1989]). Neither defendant nor the dissent claim otherwise; instead, they argue only that defendant had no such initial burden and, as discussed above, we reject that view of the law. Further, although our holding does not rest on this point, we note our disagreement with the dissent that defendant met his initial burden of demonstrating that the uncalled witness would have testified favorably to the People.
Finally, the dissent identifies various purported infirmities in the sole eyewitness identification in this case and states that, as a result, "we cannot conclude that the uncalled witness's testimony would have been cumulative." But the alleged deficiencies are not relevant to the question of cumulativeness, which requires a comparison of the uncalled witness's likely testimony against the evidence adduced at trial to determine whether the missing testimony would have " contradicted or added' to the testimony of the other witnesses" (People v Williams, 186 AD2d 469, 470 [1st Dept 1992], lv denied 81 NY2d 849 [1993], quoting People v Almodovar, 62 NY2d 126, 133 [1984]). The cumulativeness analysis, put differently, does not contemplate an assessment of the relative strength of the respective accounts of the testifying witness and the missing witness. To that point, we reiterate the First Department's observation that "[a] party is not entitled to a missing witness charge if the testimony of the uncalled witness would be merely cumulative . . . , even if the opposing party has called only one witness to testify on a given material issue" (People v Williams, 10 AD3d 213, 217 [1st Dept 2004], affd 5 NY3d 732 [2005] [emphasis added]). In short, without an initial, prima facie showing by defendant that the uncalled witness would have testified noncumulatively, i.e., differently than the eyewitness who did take the stand, it simply cannot be said that the court abused its discretion in denying defendant's request for a missing witness charge.
All concur except Carni, J.P., and Lindley, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. Although we agree with the majority that defendant was not deprived of his right to effective assistance of counsel, we conclude that Supreme Court erred in denying his request at trial for a missing witness charge. We would therefore reverse the judgment and grant defendant a new trial.
In its seminal case addressing missing witness instructions, the Court of Appeals articulated the parties' respective burdens of proof with respect to a request for a missing witness charge in People v Gonzalez (68 NY2d 424 [1986]), writing: "The burden, in the first instance, is upon the party seeking the charge to promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him to testify . . . Once the party seeking the charge has established prima facie that an uncalled witness is knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party, it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate. This burden can be met by demonstrating that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that although the issue is material or relevant, the testimony would be cumulative to other evidence, that the witness is not available', or that the witness is not under the party's control' such that [the witness] would not be expected to testify in his or her favor" (id. at 427-428 [emphasis added]).
Despite language to the contrary in Appellate Division decisions cited by the majority, the Court of Appeals has never altered that burden-shifting framework set forth in Gonzalez (see People v Keen, 94 NY2d 533, 539 [2000]; People v Macana, 84 NY2d 173, 177 [1994]; People v Kitching, 78 NY2d 532, 536-537 [1991]; People v Fields, 76 NY2d 761, 763 [1990]; People v Erts, 73 NY2d 872, 874 [1988]; see also People v Carr, 59 AD3d 945, 946 [4th Dept 2009], affd 14 NY3d 808 [2010]).
The majority concludes that the party seeking the charge has the " "initial burden of proving," ' inter alia, that the missing witness has "noncumulative" ' testimony to offer on behalf of the opposing party." We cannot agree. The Court of Appeals has made it clear that a party meets its "prima facie showing of entitlement to the charge" when it proves " [1] that [the] uncalled witness[ ] [was] knowledgeable about a material issue pending in the case, [2] that such witness[ ] [could] be expected to testify favorably to the opposing party and [3] that such party has failed to call [him or her] to testify' " (Fields, 76 NY2d at 763; see Macana, 84 NY2d at 177; Kitching, 78 NY2d at 536; Erts, 73 NY2d at 874; Gonzalez, 68 NY2d at 427).
Once the party seeking the charge has met his or her "initial burden of making a prima facie showing of entitlement" (Erts, 73 NY2d at 874), it then becomes incumbent on the party opposing the request
" to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate' " (Macana, 84 NY2d at 177; see Keen, 94 NY2d at 539; Kitching, 78 NY2d at 536-537; Fields, 76 NY2d at 763; Erts, 73 NY2d at 874; Gonzalez, 68 NY2d at 428). Only then does the issue whether testimony would be cumulative arise. The Court of Appeals has stated that a party seeking to defeat a prima facie showing of entitlement to the charge may do so by demonstrating, inter alia, that " the testimony would be cumulative to other evidence' " (Kitching, 78 NY2d at 537; see Keen, 94 NY2d at 539; Macana, 84 NY2d at 177; Fields, 76 NY2d at 763; Erts, 73 NY2d at 874; Gonzalez, 68 NY2d at 428).
While we agree with the majority that there are myriad Appellate Division cases, including cases from this Department, stating that the party seeking the charge must make an initial showing that the uncalled witness would naturally be expected to provide noncumulative testimony favorable to the opposing party (see e.g. People v Chestnut, 149 AD3d 772, 773 [2d Dept 2017], lv denied 29 NY3d 1077 [2017]; People v Johnson, 279 AD2d 294, 295 [1st Dept 2001], lv denied 96 NY2d 830 [2001]; People v Smith, 240 AD2d 949, 949 [3d Dept 1997], lv denied 91 NY2d 880 [1997]; People v Williams, 202 AD2d 1004, 1004 [4th Dept 1994]), those cases are relying on the statement in Gonzalez, as reiterated in subsequent cases, discussing the overall showing that must be made before an instruction is given.
In Gonzalez, the Court of Appeals wrote: "Of course, the mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge. Rather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him [or her], and that the witness is available to such party" (id. at 427 [emphasis added]). It is not until the paragraph following that statement that the Court of Appeals devised the burden-shifting framework by which such a showing could be made (see id. at 427-428).
To our knowledge, the Court of Appeals has never required the party seeking the missing witness instruction to make an initial showing that the testimony would not be cumulative within the Gonzalez framework. As noted above, the issue whether testimony would be cumulative is one means for a party opposing the instruction to defeat a prima facie showing of entitlement. Thereafter, the party seeking the instruction must rebut a showing that testimony would be cumulative and thereby meet the overall burden of establishing that it would not be cumulative.
Indeed, it would make no sense to require the moving party to establish that the missing witness's testimony is not cumulative in view of the fact that the missing witness, by definition, is not in the control of the moving party, and the moving party cannot be expected to know the substance of the missing witness's testimony, should he or she take the stand. We also note that the Court of Appeals held in People v Carr (14 NY3d 808 [2010]) that the defendant's request for a missing witness charge was untimely because it was made a week after the People had submitted their witness list "and after the People had rested their case-in-chief" (emphasis added). It would seem difficult, if not impossible at times, for the defendant, as the moving party, to know whether a missing witness's testimony is cumulative until he or she hears the testimony of all the People's witnesses, i.e., until the People have rested, at which point the request for a missing witness charge would be untimely.
The majority quotes from People v Edwards (14 NY3d 733, 734 [2010]) in determining that the Court of Appeals has crafted a single, initial burden by which the party seeking the [*4]instruction must make an initial prima facie showing that the missing witness's testimony
" would have been noncumulative.' " We do not agree. First, the Court of Appeals in Edwards cited to both Macana and Gonzalez, prior Court of Appeals cases discussing the burden-shifting framework to reach the overall burden for entitlement to the instruction. Second, the Court in Edwards did not state that the defendant failed to meet an initial burden of demonstrating that the testimony would not be cumulative. Rather, the Court reaffirmed its position that " [t]he party seeking the missing witness charge must sustain an initial burden of showing that the opposing party has failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party' " (id. at 734). In the end, however, the charge was not warranted because the defendant did not meet the overall burden of demonstrating that the testimony would be noncumulative (see id.).
To the extent that our decisions, and the decisions of the other Departments, have conflated the overall showing that must be made before the instruction may be given with the initial burden of the Gonzalez framework, we conclude that those decisions should no longer be followed.
Here, we agree with defendant that he " sustain[ed] [his] initial burden of showing that the opposing party[, i.e., the People] ha[d] failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party' " (Edwards, 14 NY3d at 734). The uncalled witness was the victim's then-paramour, he was with the victim when she was shot, and he appeared to have been the actual target of the shooter. It also appears from the record that the uncalled witness saw the shooter before any shots were fired because he warned the victim and tried, unsuccessfully, to push her out of the way. Defendant thus established that the uncalled witness was a person " who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable' " to the People (id.). The burden thus shifted to the People to demonstrate that the charge was not appropriate.
In opposing defendant's request, the prosecutor argued that it was untimely—the People concede on appeal that the request was timely—and that, in any event, the testimony of the uncalled witness would be cumulative. The prosecutor did not, however, explain how or why the testimony would be cumulative, nor did the prosecutor say what she thought the testimony would be. She did not refer to any statements the uncalled witness may have made to the police or any testimony he may have given to the grand jury. Instead, the prosecutor simply stated in conclusory fashion that the testimony would be cumulative. The court denied defendant's request without explanation, which in our view was error.
We note that, aside from the victim and the uncalled witness, there were no other witnesses to the shooting. The victim initially told the police that she could not identify the shooter, and her description of the shooter was vague. Although the victim identified defendant at trial as the shooter, she testified that he was a stranger to her and she did not know why he shot her. Considering the questions surrounding the victim's identification of defendant, and in the absence of any indication of what the testimony of the uncalled witness would have been, we cannot conclude that the uncalled witness's testimony would have been cumulative (see People v Onyia, 70 AD3d 1202, 1204-1205 [3d Dept 2010]; see also People v Davydov, 144 AD3d 1170, 1173 [2d Dept 2016], lv denied 29 NY3d 996 [2017]), or that the court's error in refusing to give the charge is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court