People v Shelly (2019 NY Slip Op 04002)





People v Shelly


2019 NY Slip Op 04002


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-07223
 (Ind. No. 7304/13)

[*1]The People of the State of New York, respondent,
v
Tameek Shelly, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered July 22, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree in connection with the shooting death of a man that occurred on May 15, 2007. The defendant and his codefendant both were allegedly members of a gang known as G.W.A.P. and a gang known as the Blood Stone Villains. The members of these gangs lived in a particular housing development. The victim lived in a neighboring housing development, where members of a rival gang resided. At the trial of the defendant and his codefendant before separate juries, the People sought to introduce into evidence an audiotaped statement made by an eyewitness (hereinafter the subject witness) to the incident. In his statement, the subject witness identified the defendant and his codefendant as shooters during the incident. The Supreme Court ruled that the subject witness's statement was admissible in the defendant's case.
As a general rule, out-of-court statements of an unavailable witness are inadmissable as evidence-in-chief (see People v Geraci, 85 NY2d 359, 365; see also CPL 670.20). However, "out-of-court statements . . . may be admitted as direct evidence where the witness is unavailable to testify at trial and the proof establishe[d] that the witness's unavailability was procured by misconduct on the part of the defendant" (People v Geraci, 85 NY2d at 366). Thus, "[w]here the People establish that a witness is unwilling to testify due to the defendant's own conduct, or by the actions of others with the defendant's knowing acquiescence,' defendant forfeits the right to confrontation, and such out-of-court statements are admissible" (People v Dubarry, 25 NY3d 161, 174, quoting People v Maher, 89 NY2d 456, 461). "Recognizing the surreptitious nature of witness tampering and that a defendant engaging in such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination" (People v Leggett, 107 AD3d 741, 742 [internal quotation marks omitted]; see People v Chestnut, 149 AD3d 772, 773).
Here, at the Sirois hearing (see People v Sirois, 92 AD2d 618), the People established that the subject witness, who had previously given an audiotaped statement to an assistant district attorney on May 22, 2009, and testified before the grand jury, disappeared to another state during the course of the trial and was unavailable to testify. In addition to testimony from the prosecution regarding threats made to the subject witness, testimony was elicited with respect to threats made to three other witnesses and their families. Further, the People introduced into evidence copies of redacted Rosario material (see People v Rosario, 9 NY2d 286) turned over to the defense with the names of several witnesses inadvertently visible, including that of the subject witness, and audiotapes of phone calls from the defendant and another inmate, also allegedly a member of the Blood Stone Villains, while both were incarcerated at Rikers Island, discussing plans to distribute the Rosario paperwork to others for the purpose of intimidating witnesses. Consequently, we find that the evidence presented at the Sirois hearing, and the inferences that logically flow therefrom, were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the subject witness was unavailable due to threats made at the initiative or acquiescence of the defendant (see People v Walton, 168 AD3d 1103; People v Zafor, 161 AD3d 1017, 1018; People v Chestnut, 149 AD3d at 773; People v Leggett, 107 AD3d at 742). Accordingly, we agree with the court's determination to allow the People to introduce the subject witness's audiotaped statement into evidence as part of their direct case against the defendant (see People v Cotto, 92 NY2d 68, 87; People v Geraci, 85 NY2d at 368-370; People v Wilson, 115 AD3d 891, 891).
In light of our determination, we need not reach the defendant's remaining contention.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court